## 66224. HUMPHREYS v. RIVERSIDE MANUFACTURING COMPANY.

McMURRAY, Presiding Judge.

On August 1, 1981, Arthur W. Humphreys was employed by Riverside Manufacturing Company as an assistant personnel manager. As such employee he was a handicapped individual, suffering from a type of cancer. Under the circumstances the employer and the employee were subject to the provisions of the Georgia Equal Employment for the Handicapped Code (now OCGA Ch. 34-6A et seq. (formerly Code Ann. Ch. 66-5 et seq.) (Ga. L. 1981, pp. 1803-1807)).

In March of 1982 a medical report with reference to Humphreys' condition was provided to defendant. Subsequently, an agent and/or employee of the employer advised Humphreys not to report to work until further notified, and he was thereafter terminated.

Alleging that on or about March 23, 1982, one of the defendant's agents terminated the plaintiff from his employment solely on the basis of his handicap, Humphreys brought an action under the above statute seeking reinstatement, back pay, court costs, reasonable attorney fees, damages for lost wages (back pay) and other fringe benefits, including the requirement that the defendant meet such other criteria required under this equal employment statute. Plaintiff contends that as an aggrieved handicapped individual this action was instituted because defendant's termination of him was an unfair employment practice. This action was filed on September 22, 1982, and served on the registered agent of the defendant on the same day. The complaint was required to be filed "within 180 days after the alleged prohibited conduct occurred." OCGA § 34-6A-6 (formerly Code Ann. § 66-506 (Ga. L. 1981, pp. 1803, 1807)).

On October 18, 1982, the defendant answered, admitting venue and jurisdiction and the above stated facts, although denying the claim in its entirety but admitting that the defendant was terminated on March 23, 1982, and among other defenses set forth that the action was barred under the provisions of OCGA § 34-6A-6 (Code Ann. § 66-506), supra, by reason of the fact that it was not filed within 180 days after the alleged prohibited conduct occurred. The defendant then moved for summary judgment based upon an affidavit of the president (the registered agent) that he had indeed terminated the plaintiff from employment on March 23, 1982, and personally told him "of his termination on that date." In response to the motion for summary judgment the plaintiff filed his affidavit on November 23, 1982, that he was orally advised on or about March 23, 1982, by the defendant's agent (the president and registered agent) that he

"would be terminated from [his] employment with the Defendant company" but that he was "paid by Defendant company up through and including March 31, 1982" and "received [his] Separation Notice from Defendant through the mail on or about March 29, 1982." He deposed that the company's agent (president and registered agent) "did not terminate me from employment on March 23, 1982, but simply indicated his intention to terminate me at some unspecified time in the future." Plaintiff further deposed he did not "become aware of [his] actual termination from Defendant's employment until . . . the Separation Notice from Defendant through the mail on or about March 29, 1982." In addition, the plaintiff amended his complaint to reflect the above information as to the date of his termination. After hearing arguments of counsel and reviewing all matters of record in the case, the court granted the defendant's motion for summary judgment. Plaintiff appeals. *Held:*

It is clear that if the plaintiff were terminated from his employment on March 23, 1982, the suit was filed more than 180 days after plaintiff's employment terminated. See OCGA § 34-6A-6 (Code Ann. § 66-506), supra, ("180 days after the alleged prohibited conduct occurred"). We therefore look to the facts to determine whether or not he was terminated instanter on March 23, 1982, or whether his conversation with the president as company agent, which apparently occurred on that date, disclosed when he would be terminated. Plaintiff's amended complaint and affidavit create an issue as to the fact of termination, that is, on March 23, 1982, or some point in time in the future, thereafter shown by a notice of termination, "Separation Notice . . . through the mail" received on or about March 29, 1982, the plaintiff having been paid through March 31, 1982. However, plaintiff *in this court,* has terminated the employment of his appellate counsel and now disavows the facts in *his* affidavit as to his date of termination, admitting he was terminated "on March 23, 1982." Accordingly, the action filed and served on September 22, 1982, was more than 180 days from the date of termination. The trial court was correct in granting summary judgment in favor of the defendant as no issue of fact remains as to the date of termination, and the action was filed too late. See OCGA § 34-6A-6 (Code Ann. § 66-506), supra; Del. State College v. Ricks, 449 U. S. 250, 256 (101 SC 498, 66 LE2d 431); Chardon v. Fernandez, 454 U. S. 6 (102 SC 28, 70 LE2d 6). These cases demand a finding that the defendant having terminated the plaintiff instanter on March 23, 1982, the filing of the action was untimely.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 23, 1983.

*Harold W. Spence,* for appellant.
*James W. Wimberly, Jr., William M. Cheves,* for appellee.